UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
(EASTERN DIVISION)

| | |
|---|---|
| JAMIL LADELL MOORE, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FOXTROT RETAIL, INC.; OUTFOX HOSPITALITY LLC; and DOM'S MARKET LLC,<br><br>Defendants. | Case No.: 1:24-cv-3272<br><br>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff Jamil Ladell Moore, on his own behalf and on behalf of all others similarly situated, through his attorneys, for his Class Action Complaint against Defendants Foxtrot Retail, Inc. ("Foxtrot"), Outfox Hospitality LLC ("Outfox"), and Dom's Market LLC ("Dom's"), (collectively referred to as "Defendants"), state as follows:

## NATURE OF THE CASE

1. This lawsuit arises as a class action under the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN") and the Illinois Worker Adjustment and Retraining Notification Act, 820 ILCS 65/1 et seq. ("IWARN") based on Defendants' failure to provide notice of mass layoff or plant closing.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's WARN claim pursuant to 29 U.S.C. § 2104(a)(5) and 28 U.S.C. § 1331 and 1337, and because the Defendants reside in this District and conduct business in this District.

1

3.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES

5.     The Named Plaintiff Jamil Moore is a resident of this District and was an employee at a Retail Stores during the time period at issue in this case.

6.     The Named Plaintiff and putative Class Members of the WARN and IWARN classes that they seek to represent are current and former employees of the Defendants who were subject to plant closings and/or a mass layoff, and who were not provided with the requisite notice under WARN and/or IWARN.

7.     During the relevant statutory periods, the Named Plaintiff and members of all putative classes were employed by Defendants as "employees" under WARN and IWARN.

8.     Defendants Foxtrot and Dom's (a subset of the Defendants referred to herein as the "corporate Defendants") are Illinois corporations engaged in the business of operating grocery stores, markets, and coffee shops serving Chicagoland communities for the last five or more years. On information and belief, the corporate Defendants operated approximately 33 stores across Austin, Dallas, Chicago and Washington, D.C.

9.     Foxtrot and Dom's announced a merger in late November 2023, creating the new entity Outfox Hospitality. Outfox Hospitality is the parent holding company for Foxtrot Market and Dom's Kitchen and Market.

10. At all times, Defendants were Plaintiff's and the Plaintiff Classes' "employers" within the meaning of the WARN and IWARN.

11. At all times relevant to this case, Defendants employed 100 or more employees, not counting employees who have worked less than 6 months in the last 12 months and not counting employees who work an average of less than 20 hours per week.

## FACTS COMMON TO ALL COUNTS

12. On April 23, 2024, the Defendants' Retail Stores permanently closed. Over 30 Dom's and Foxtrot Locations abruptly closed.

13. Employees at all Dom's and Foxtrot locations were terminated immediately without any prior notice on April 23, 2024.

14. On Foxtrot's Instagram Page on April 23, 2024, Foxtrot announced that "After much consideration and evaluation, we regret to announce that Foxtrot and Dom's Kitchen & Market will be closing their doors starting April 23, 2024. The closure affects 33 Foxtrots and 2 Dom's grocery stores across Chicago, Austin, Dallas, DC areas." See Foxtrot April 23, 2024 Instagram Post, attached as **Exhibit A.**

15. Upon information and belief, no employees of Foxtrot or Dom's were given prior notice of termination on April 23, 2024.

16. Several employees scheduled to work at Dom's or Foxtrot on April 23, 2024 first learned of the mass layoff in the middle of the work-shift on April 23, 2024.

17. On or about February 12, 2021 Defendant Foxtrot hired Plaintiff Jamil Moore to work as a Store Team Member. Plaintiff Moore worked as a Store Team Member in Foxtrot's Old Town Location located at 1562 N Wells St, Chicago, IL 60610. Jamil Moore's last day of work was on April 23, 2024 when he was terminated in the middle of his shift around 11:30am. Jamil

3

Moore first learned of his termination during his shift and did not receive any prior notice from his employer in any way.

18. Jamil Moore nor any members of the putative WARN and/or IWARN classes received at least 60 days' notice of the Defendants plant closing and/or mass layoff.

19. Neither the Named Plaintiff nor members of the putative WARN and/or IWARN classes received compensation for the 60-day notice period that should have been paid under WARN and/or IWARN.

20. On information and belief, the corporate Defendants Outfox, Dom's, and Foxtrot operated the Retail Stores as a single employer from a central location located at 167 North Green Street, Chicago, IL which was known as the "Corporate Office."

21. At the Corporate Office, the Defendants managed the Retail Stores by preparing payroll & related services and offering and coordinating employee benefits to all employees working at each Retail Stores.

22. On information and belief, Defendants centralized control of their inventory purchases for the Retail Stores at the Corporate Office.

*23.* By conducting business using the purchase power of many Retail Stores which were serviced by the identical administrative staff, the Defendants operated their interrelated businesses as a single joint employer and are jointly and severally liable for the violations under the law as alleged in this Complaint.

## **CLASS ALLEGATIONS**

24. The Named Plaintiff bring sthis action on behalf of himself and all putative members of the Plaintiff Classes (which includes putative Classes A-B as defined herein).

4

25. With respect to WARN and IWARN violations, the Named Plaintiff represents, and is a member of, the putative Class A and Class B (the "WARN Class" and "IWARN Class" respectively) defined as follows:

> "All employees who (1) worked at one of Defendants' Retail Stores and (2) were terminated on April 23, 2024, or (3) were terminated as the reasonably foreseeable consequence of the plant closing and/or mass layoffs by Defendants on or about April 23, 2024, who (4) are affected employees within the meaning of 29 U.S.C. § 2101(a)(5), who (5) did not receive at least 60 days prior notice of the plant closing and/or mass layoff."

26. The Named Plaintiff does not know with certainty the number of members in each of the Plaintiff Classes A-B at this time, but reasonably estimate that putative Classes A-B each include approximately 1000 individuals. Thus, this matter should be certified as a Class Action to assist in the expedition litigation of this matter.

27. This action is brought as a class action under Fed. R. Civ. P. 23 because the Plaintiff Classes A-B are so numerous that joinder of all class members is impracticable.

28. The Named Plaintiff and members of the WARN and IWARN classes were harmed by acts of the Defendants when they were terminated and suffered an employment loss due to the Defendants' plant closing and/or mass layoff, without requisite notice. Common questions of law and fact include but are not limited to the following:

   a. Whether the members of the WARN and/or IWARN classes were employees of the Defendants who worked at or reported to Defendants' facilities;

   b. Whether Defendants unlawfully terminated the employment of the members of the WARN and/or IWARN classes without casue on their part and without giving them 60 days advance written notice, in violation of WARN and/or IWARN; and

   c. Whether Defendants unlawfully failed to pay the WARN and/or IWARN class members 60 days wages and benefits as required by WARN and IWARN.

29. The Plaintiff Class members may be reluctant to raise individual claims for fear of retaliation, or for fear that bringing an individual claim against a former employer may hinder their

ability to find new employment.

30. This class action suit seeks only damages and any other relief permitted under WARN, and IWARN. The Named Plaintiff reserves the right to expand, combine, or subdivide the Class definitions as warranted, as facts are learned in further investigation and discovery.

31. The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the class.

32. The Named Plaintiff, putative members of Classes A-B, and Defendants have a commonality of interest in the subject matter and remedy sought.

33. The Named Plaintiff is able to fairly and adequately represent and protect the interests of the Plaintiff Classes A-B, and Defendants have no defenses unique to the Named Plaintiff.

34. The Named Plaintiff's Counsel is competent and experienced in class and complex litigation.

35. If individual actions were required to be brought by each member of the Classes A-B affected, the result would be a multiplicity of actions, creating a hardship to the Plaintiff Classes, to the Court, and to the Defendants. Accordingly, a class action is not only appropriate, but the superior method for the fair and efficient adjudication of this controversy. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

36. Defendants have acted on grounds generally applicable to each of the Plaintiff Classes A-B, thereby making appropriate final relief with respect to the Plaintiffs Classes A-B as a whole.

## COUNT I
### FEDERAL WARN ACT CLAIM
### (CLASS ACTION AGAINST ALL CORPORATE DEFENDANTS)

37. The Named Plaintiff incorporateS the above paragraphs as though fully set forth herein.

38. This Count arises from Defendants violation of the federal WARN Act, 29 U.S.C. § 2101 et seq., as a result of the mass layoffs or plant closings by Defendants following April 23, 2024 for which Defendants did not provide their employees 60 days advance written notice of their terminations as required by law.

39. At all relevant times, the Corporate Defendants were "employers" as defined by the WARN Act, 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until they decided to order a mass layoff or plant closing as described in the statement attached as Exhibit A.

40. Prior to its closure and mass layoff of employees, the corporate Defendants employed more than 100 employees in their Retail Stores and/or had 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of overtime.

41. Defendants provided NO prior notice to employees of store closings or termination.

42. Defendants' Retail Store closing constitutes a "plant closing" and/or "mass layoff" as defined by WARN, 29 U.S.C. § 2010(a)(2), (3).

43. The mass layoff or plant closing resulted in "employment losses," as that term is defined by 29 U.S.C. § 2010(a)(2) for at least fifty of Defendants' employees as well as 33% of Defendants' workforce, excluding "part time employees" as that term is defined by 29 U.S.C. § 2101(a)(8).

44. The Named Plaintiff and WARN Class members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing by Defendants.

7

45. On information and belief, more than 1000 employees were terminated from Defendants' Retail Stores, including the Named Plaintiff and members of the WARN class, were "affected employees" as defined by 29 U.S.C. § 2101(a)(5).

46. Defendants were required by WARN to give the Named Plaintiff and WARN class members at least 60 days advance written notice of their terminations.

47. Defendants failed to provide the Named Plaintiff and all members of the WARN class the 60-day notice period required before plant closings and mass layoffs prior to laying off or terminating employees.

48. Defendants failed to pay the Named Plaintiff and each member of the WARN class their respective wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, and/or accrued PTO for 60 days following their respective terminations.

49. Upon information and belief, Defendants failed to make pension and 401(k) contributions and provide employee benefits for 60 days from and after the dates of the Named Plaintiff and the WARN class members' terminations.

50. Defendants' failure to give the Named Plaintiff and all members of the WARN class at least sixty (60) days prior written notice of termination as a result of its closing of Defendants' Retail Stores and the consequent termination of its "affected employees" constitutes a violation of the provisions of WARN, 29 U.S.C. § 2101, et seq.

51. Defendants have failed and refused to pay the Named Plaintiff and all members of the WARN class the amount of pay and benefits owed to them under WARN.

52. Defendants have willfully violated the WARN Act. On information and belief, Defendants had advance notice of the need to shut down the Retail Stores.

53. By failing to provide statutory notice, Defendants willfully violated WARN, 29

U.S.C. § 2101 et seq.

WHEREFORE, the Named Plaintiff, on behalf of himself and all other similarly situated individuals known and unknown, respectfully request that this Court enter an order as follows:

a. Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3)

b. Appointing Named Plaintiff as Class Representatives and their Counsel as Class Counsel

c. Awarding judgement in an amount equal to all unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, accrued PTO, pension and 401(k) contributions, and other benefits which should have been paid during the 60 days after notice of termination under WARN.

d. Awarding the maximum amount of any civil penalty available under WARN;

e. Awarding reasonable attorneys' fees and costs incurred in filing this action; and

f. Ordering such other and further relief as this Court deems appropriate and just.

**COUNT II**
**ILLINOIS WARN ACT CLAIM**
**(CLASS ACTION AGAINST ALL CORPORATE DEFENDANTS)**

54. The Named Plaintiff incorporates the above paragraphs as though fully set forth herein.

55. This Count arises from Defendants violation of the Illinois state WARN Act, 820 ILCS 65/5 et seq., as a result of the mass layoffs or plant closings by Defendants following April 23, 2024, for which Defendants did not provide their employees 60 days advance written notice of their terminations as required by law.

56. At all relevant times, the Corporate Defendants were "employers" as defined by

IWARN, 820 ILCS 65/5(c) and continued to operate as a business until they decided to order a mass layoff or plant closing as described in the instagram post attached as Exhibit A.

57. Prior to its closure and mass layoff of employees, the corporate Defendants employed more than 75 employees in their Retail Stores and/or had 75 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of overtime

58. No employees were provided advanced notice of mass layoffs on April 23, 2024.

59. Defendants' Retail Store closing, as detailed in the post attached as Exhibit A, constitutes a "plant closing" and/or "mass layoff" as defined by IWARN, 820 ILCS § 65/5(f), (d).

60. The mass layoff or plant closing resulted in "employment losses," as that term is defined by 820 ILCS 65/5(b) for at least 50% of Defendants' workforce during a 6-month period.

61. The Named Plaintiff and IWARN Class members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing by Defendants.

62. On information and belief, more than 1000 employees were terminated from Defendants' Retail Stores, including the Named Plaintiff and members of the WARN class, were "affected employees" as defined by 820 ILCS 65/5(a).

63. Defendants were required by IWARN to give the Named Plaintiff and IWARN class members at least 60 days advance written notice of their terminations. 820 ILCS 65/10.

64. Defendants failed to provide the Named Plaintiff and all members of the IWARN class the 60-day notice period required before plant closings and mass layoffs prior to laying off or terminating employees.

65. Defendants failed to pay the Named Plaintiff and each member of the IWARN class their respective wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay,

and/or accrued PTO for 60 days following their respective terminations.

66. Upon information and belief, Defendants failed to make pension and 401(k) contributions and provide employee benefits for 60 days from and after the dates of the Named Plaintiff's and the IWARN class members' terminations.

67. Defendants' failure to give the Named Plaintiff and all members of the IWARN class at least sixty (60) days prior written notice of termination as a result of its closing of Defendants' Retail Stores and the consequent termination of its "affected employees" constitutes a violation of the provisions of IWARN, 820 ILCS 65/5, et seq.

68. Defendants have failed and refused to pay the Named Plaintiff and all members of the IWARN class the amount of pay and benefits owed to them under IWARN.

69. Defendants have willfully violated the IWARN Act. On information and belief, Defendants had advance notice of the need to shut down the Retail Stores.

70. By failing to provide statutory notice, Defendants willfully violated IWARN, 820 ILCS 65/5 et seq.

WHEREFORE, the Named Plaintiff, on behalf of himself and all other similarly situated individuals known and unknown, respectfully request that this Court enter an order as follows:

   a. Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3)

   b. Appointing Named Plaintiff as Class Representatives and their Counsel as Class Counsel

   c. Awarding judgement in an amount equal to all unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, accrued PTO, pension and 401(k) contributions, and other benefits which should have been paid during the 60

      days after notice of termination under IWARN;

  d.   Awarding the maximum amount of any civil penalty available under IWARN;

  e.   Awarding reasonable attorneys' fees and costs incurred in filing this action; and

  f.   Ordering such other and further relief as this Court deems appropriate and just.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 24th day of April, 2024.

                                              */s/ Syed H. Hussain*
                                              Syed Haseeb Hussain, Esq. (IL# 6331378)
                                              **HASEEB LEGAL, LLC**
                                              420 E Waterside Dr #3004
                                              Chicago, IL 60601
                                              M: (954) 225-4934
                                              O: (630) 534-2527
                                              E: sh@haseeblegal.com